IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DWIGHT D. ROBERTS, AIS # 168138<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 1:22-00049-CG-N<br>) |
| THE STATE OF ALABAMA CORRECTIONAL FACILITY,<br>    Defendant. | )<br>)<br>) |

## REPORT AND RECOMMENDATION

Plaintiff Dwight D. Roberts, an Alabama inmate proceeding pro se, filed a civil action pursuant to 42 U.S.C. § 1983 (Doc. 1). The District Judge assigned to this case referred this action to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate resolution. (*See* 2/8/2022 electronic reference). Roberts failed to prosecute and to comply with the Court's orders dated February 10, 2022 (Doc. 2) and March 24, 2022 (Doc. 3). Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice**.

On February 10, 2022, the Court issued an order directing Roberts to (1) refile his complaint on the Court's form and (2) either pay the $402 filing fee or file a motion for leave to proceed in forma pauperis (Doc. 2). The order also directed the Clerk to send Roberts the corresponding forms. (Doc. 2). This order was not returned to the Court as undeliverable, yet Roberts failed to comply by the March 10, 2022 deadline.

The undersigned searched the ADOC directory of inmates[1] and discovered that Roberts was housed at Staton Correctional Facility, not Limestone Correctional Facility—the address he listed when he filed the complaint. Roberts failed to update his address with the Court.

Despite failing to comply with the Court's first order or to update his address, the Court sua sponte afforded Roberts another opportunity to comply. (*See* Doc. 3). The Court again warned Roberts that failure to comply with the order would result in the undersigned recommending that his case be dismissed without prejudice. (Doc. 3, PageID.7). This order has not been returned as undeliverable and Roberts is still listed at his updated address at Staton Correctional Facility, yet he again failed to comply with the Court's order.

As a consequence of Roberts's failure to comply with the Court's orders and to prosecute this action, and upon consideration of the alternatives that are available to the Court, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *See Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456–57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983);

---

[1] http://www.doc.state.al.us/inmatesearch.

*accord Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510 U.S. 863 (1993).

The Clerk is **DIRECTED** to mail a copy of this Order to Roberts at Staton Correctional Facility.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to

which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 9th day of May 2022.

                                                */s/ Katherine P. Nelson*
                                                **KATHERINE P. NELSON**
                                                **UNITED STATES MAGISTRATE JUDGE**